UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22723-BLOOM

ALBERTO SOLER,

    Appellant,

v.

UNITED STATES
45TH ADMINISTRATION, *et al.*,

    Appellees.
_____/

## ORDER DENYING MOTION FOR LEAVE TO PROCEED IFP ON APPEAL

**THIS CAUSE** is before the Court upon *Pro se* Appellant Alberto Soler's ("Appellant") Motion for Leave to Proceed IFP on Appeal, ECF No. [14] ("Motion"). In the Motion, Appellant states that he is "currently unemployed" and "evicted not stable lost property lost everything no money living off others[.]" *Id.* at 2. The Motion also states that the "Bankruptcy Court *granted IFP* on appeal[.]" *Id.* at 1 (emphasis in original). However, a review of the Bankruptcy Court docket indicates that the Bankruptcy Court did not grant leave to proceed *in forma pauperis* ("IFP") on appeal. *See* BKC-21-1054SDFL-ECF No. [164] at 3 ("To the extent the Application seeks any other or further waiver of fees and costs, the Court defers the Application to the District Court[.]"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons stated below, the Motion is denied.

    Federal Rule of Appellate Procedure 24 provides that

> a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>   (A) shows in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay or to give security for fees and costs;

> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

Upon review of the Motion, the Court concludes that the Motion must be denied for failing to comply with Rule 24. First, Appellant fails to show, in the detail prescribed by Form 4 of the Appendix of Forms, Appellant's inability to pay or to give security for fees and costs. *See generally* ECF No. [14]. Instead, Appellant states that his gross pay or wages are "$0.00[,]" that his take-home pay or wages are "$0.00[,]" and that the amount of money he has in cash or in a checking or savings account is "$0.00[.]" *Id.* at 2-3. Appellant further claims that he is "homeless[,]" "living with others here and there[,]" and that "everyone [is] supporting me[.]" *Id.* at 3. Appellant does not further substantiate his inability to pay in a meaningful manner. Second, Appellant fails to identify the issues Appellant seeks to present on appeal. The Motion states that the "appeal issue is about it all[.]" *Id.* at 2. Such a statement does not constitute an intelligible statement of issues that Appellant intends to present on appeal.

Should Appellant wish to proceed with the pending appeal, Appellant must pay the filing fee. Furthermore, the Court directs Appellant to Federal Rule of Appellate Procedure 24(a)(5), which states that, upon a district court's denial of an *in forma pauperis* motion, a "party may file a motion to proceed on appeal *in forma pauperis* in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4)." Fed. R. App. P. 24(a)(5). Further, a motion to proceed on appeal *in forma pauperis* "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." *Id.*

Case No. 21-cv-22723-BLOOM

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [14]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 13, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Alberto Soler
4741 N.W. 5 Street
Miami, FL 33126
786-613-1778
PRO SE

3